580 S.E.2d 503

James C. THOMAS, Jr.

v.

Sandra L. THOMAS.

Record No. 3297–01–4.

Court of Appeals of Virginia,
Alexandria.

May 20, 2003.

640

James C. Thomas, Jr., pro se.

(Oliver Denier Long; EZ Justice, PLC, on brief), for appellant.

(Sandra L. Thomas, pro se, on brief). Appellee submitting on brief.

Present: ELDER, ANNUNZIATA and AGEE,* JJ.

ANNUNZIATA, Judge.

James C. Thomas, husband, appeals the trial court's equitable distribution award on the following grounds: 1) the trial court erred when it classified his use of marital funds to pay court-ordered *pendente lite* spousal support as marital waste; and 2) the trial court erred when it used as a valuation date

---

* Justice Agee participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

the date of the parties' separation rather than the date of the equitable distribution hearing.

For the reasons that follow, we reverse the decision of the trial court.[1]

## Background

■ On appeal, we view the facts in the light most favorable to Sandra Thomas, wife, the party prevailing below, together with all reasonable inferences that may be drawn. *Richardson v. Richardson*, 30 Va.App. 341, 349, 516 S.E.2d 726, 730 (1999). So viewed, the evidence establishes that the parties married on January 23, 1983, separated on February 1, 1998 and divorced on November 4, 2001. They had two children, Alexander, born on June 11, 1984, and Kelly, born on June 15, 1986.

While the parties were married, husband founded and operated his own business, Cooper Management Institute ("Cooper Management"). Wife worked for Cooper Management in an administrative capacity during the marriage.

During the marriage, the parties repeatedly used Cooper Management's working capital to pay personal obligations. Their conduct resulted in significant tax liabilities and depleted the assets of the company. In 1999, after the parties separated, an employee won a judgment against Cooper Management for $104,217, and several key employees left the company, taking many clients with them. On November 1, 2000, husband began employment with a new company, Common Ground, Inc. ("Common Ground") and no longer conducted business for Cooper Management. As of January 2001, Cooper Management had ceased all operations, had liabilities against it in excess of $400,000 and was, effectively, insolvent. Counsel for the company suggested filing for bankruptcy. The record establishes that Cooper Management's failure was attributable, in part, to both parties' financial mismanagement.

---

1. A memorandum opinion issued simultaneously addresses husband's remaining contentions.

After their separation, husband received a salary of $70,000 per year at Common Ground. Wife was unemployed at the time of the parties' separation but eventually began working part-time, for $8 per hour. Husband has undergraduate and law degrees. Wife attended college for one year.

The trial court granted wife's motion to have Cooper Management valued as of the date of their separation for the purposes of equitable distribution and assigned a value of $260,000 to the business, its estimated value as of February 1, 1998, when the parties separated. The trial court issued its findings and an equitable distribution award on November 4, 2001, stating:

> The court grants the motion of [wife] to value [Cooper Management] as of the date of separation. The court determines its marital property value as of February 1998 to be $260,000.

> \* \* \* \* \* \*

> The court awards [husband] all of the interest in Cooper Management.

> \* \* \* \* \* \*

> [Wife] wrongfully withdrew $23,100 from Cooper Management.... [She] owes [husband] sixty percent of this amount, or $19,908.... [Husband] used $54,000 in marital funds to pay *pendente lite* spousal support. [Wife] is entitled to fifty percent ... or $27,000. Therefore ... [husband] owes Wife $13,140....

Husband appeals from that ruling.[2] For the reasons that follow, we reverse the decision of the trial court.

---

2. Husband also claims that he used Northwest Mutual Life Fund proceeds and Marriott Partnership dividends to pay marital debt and marital mortgages and the trial court erred in classifying the payments as waste. The record fails to show that the trial court made a finding that any such payments were marital waste. Therefore, we will not address these claims on appeal.

*Analysis*

## I. Standards of Review

In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case. A decision regarding equitable distribution ... will not be reversed unless it is plainly wrong or without evidence to support it.

*Gilman v. Gilman,* 32 Va.App. 104, 115, 526 S.E.2d 763, 768 (2000) (internal citations and quotations omitted). Moreover, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth,* 20 Va.App. 133, 138, 455 S.E.2d 730, 732 (1995). In fashioning an equitable distribution award, the trial court must consider each of the statutory factors, but may determine what weight to assign to each of them.[3] *Booth v. Booth,* 7 Va.App. 22, 28, 371 S.E.2d 569, 573 (1988). In challenging the court's decision on appeal, the party seeking reversal, in this case, husband, bears the burden of demonstrating error on the part of the trial court. *D'Agnese v. D'Agnese,* 22 Va.App. 147, 153, 468 S.E.2d 140, 143 (1996) (citing *Lutes v. Alexander,* 14 Va.App. 1075, 1077, 421 S.E.2d 857, 859 (1992)).

## II. Marital Waste

Husband contends the trial court erred when it classified his use of marital funds to pay *pendente lite* support as waste. We agree.

Waste occurs "where one spouse uses marital property for his own benefit and for a purpose unrelated to the

---

**3.** Code § 20–107.3(E) lists the factors a court must consider when determining the amount of a division of marital property, and includes in subsection (2) the "contributions, monetary or non-monetary, of each party in the acquisition and care and maintenance of such marital property of the parties."

marriage at a time when the marriage is undergoing an irreconcilable breakdown." *Smith v. Smith,* 18 Va.App. 427, 430, 444 S.E.2d 269, 272 (1994). "To allow one spouse to squander marital property is to make an equitable award impossible." *Booth v. Booth,* 7 Va.App. 22, 27, 371 S.E.2d 569, 572 (1988) (citing *Sharp v. Sharp,* 58 Md.App. 386, 473 A.2d 499, 505 (Spec.App.1984)).

█ Whether the payment of court-ordered spousal support from marital funds constitutes waste is a question of first impression in Virginia. We have held consistently, however, that the expenditure of marital funds for items such as voluntary support, living expenses, attorney's fees, and other necessities of life constitutes a valid marital purpose and is not waste. *See, e.g., Anderson v. Anderson,* 29 Va.App. 673, 695, 514 S.E.2d 369, 381 (1999) (mortgages, credit cards); *Alphin v. Alphin,* 15 Va.App. 395, 402, 424 S.E.2d 572, 576 (1992) (voluntary support, medical bills for wife); *Amburn v. Amburn,* 13 Va.App. 661, 414 S.E.2d 847 (1992) (personal living expenses, attorney's fees, child's tuition, car loans); *Clements v. Clements,* 10 Va.App. 580, 397 S.E.2d 257 (1990) (household expenses, child's tuition).

In *Alphin,* husband deposited $95,000 of marital funds into a bank account that was under his sole dominion and control. He submitted a complete list of his expenditures from the account to the trial court, which established that he paid various bills relating to the marriage with the funds, including voluntary spousal support to wife of $6,600 per month. In upholding the trial court's decision, we stated:

> We have held that the use of funds for living expenses while the parties are separated does not constitute dissipation....
> The evidence proves that all the expenditures were for a proper purpose. The wife presented no evidence to the contrary.

*Alphin,* 15 Va.App. at 403, 424 S.E.2d at 576. We find no reason to distinguish between voluntary and court-ordered spousal support in the application of marital waste jurisprudence. In both cases, the expenditure is for a valid marital

purpose and does not constitute dissipation of marital assets in a deliberate attempt to affect a monetary award. *See id.*

In the case at bar, the trial court found that husband used $54,000 of marital funds from the couple's Northwest Mutual Life Fund proceeds and Marriott Partnership dividends to pay court-ordered *pendente lite* spousal support. The court treated the expenditure as marital waste and credited wife with 50% of the total sum. We find this to be error as a matter of law, in light of our decisions in *Alphin* and other cases involving marital waste.

## III. *Date of Valuation*

Husband asserts that the trial court should have valued Cooper Management at the date of the equitable distribution hearing, rather than at the date of separation, because its value at the time of the hearing was, effectively, zero. We agree. Generally, a date as near as possible to the evidentiary hearing should be used for valuation purposes. *Mitchell v. Mitchell,* 4 Va.App. 113, 119, 355 S.E.2d 18, 21 (1987); *see also* Code § 20–107.3.[4] We have held that, in the interests of just and fair results, the trial court should choose the valuation date which is most likely to provide the most current and accurate information available and thus lead to an equitable award. *Shooltz v. Shooltz,* 27 Va.App. 264, 271, 498 S.E.2d 437, 440 (1998); *see also* Code § 20–107.3. " 'The value of the assets determined as near as practicable to the date of

---

4. In 1988, the General Assembly codified the rule as set forth in *Mitchell*. Code § 20–107.3 provides:

> A.   Upon decreeing the dissolution of a marriage ... the court, upon request of either party, shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property in accordance with subdivision A 3. The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue. Upon motion of either party made no less than twenty-one days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used....

trial will usually be the most current and accurate value available.' " *Gaynor v. Hird,* 11 Va.App. 588, 593, 400 S.E.2d 788, 791 (1991) (quoting *Mitchell,* 4 Va.App. at 118, 355 S.E.2d at 21). On appeal, we review the court's determination of a valuation date for abuse of discretion. *Shooltz,* 27 Va.App. at 271, 498 S.E.2d at 440.

In the case at bar, the parties separated in February 1998 and the equitable distribution hearing occurred three years later, in 2001. The trial court granted wife's motion to value the company as of February 1998 and assigned Cooper Management a value of $260,000. We find the ruling to be an abuse of discretion because the record shows that the company's value in February 1998 was not the most accurate and current information available.

Although the company's value in February 1998 was approximately $260,000, its value was zero as of February 2001. In 1999, the company incurred a debt to its bank on a line of credit in the amount of $200,000, had a judgment entered against it for $104,271 by an employee, and suffered the loss of several key employees, who took many of Cooper Management's clients with them. Husband ceased working for the company on November 1, 2000, when he began a new job with Common Ground. Thus, by the date of the equitable distribution hearing, in March 2001, the company had ceased doing business and was insolvent; its total liabilities were estimated at $460,000. There was no evidence before the trial court that Cooper Management had the capacity to generate income in the future; it no longer had employees and the company's founder and president, husband, was working elsewhere. Moreover, the trial court noted in its equitable distribution award that the company's financial downfall resulted, in part, from both parties' financial mismanagement. Thus, the valuation date adopted by the trial court, viz. the date of the parties' separation, was not one of "just and fair results," nor was it "most likely to provide the most current and accurate information available." Accordingly, we find the trial court abused its discretion in valuing the company on the date of the parties' separation.

We reverse and remand the case to the trial court on the foregoing issues for an equitable distribution award consistent with this opinion.

*Reversed and remanded.*